**PETIT ET ALS. vs. DRANE.**

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF
NEW-ORLEANS.

The service of citation of appeal, on the attorney at law of the appellees,
when it is admitted the latter are residents of the parish where suit
is brought, is illegal, and the appeal will be dismissed.

This suit is brought by the plaintiffs to recover the sum of
nine hundred and four dollars and forty cents, for work and
labor done, and materials furnished, at the instance and
request of the defendant, according to an account annexed.

The defendant avers, that he employed the plaintiffs, while
acting in his capacity of assistant quarter-master and agent
of the United States army, and with the full knowledge of the
plaintiffs that he did so act; that the United States alone
are liable for any just amount which may appear to be due.
He excepts to the plaintiffs' right to sue him in his individual
capacity, and that the action cannot be maintained. In
answering to the merits, he denies that the plaintiffs done the
work, or that it was worth the price charged; and sets up
payments, made in his official capacity, to the persons who
done the work, as offsets to the demand against him.

There was judgment rendered in favor of the plaintiffs, and
the defendant appealed.

The appeal was made returnable to the Supreme Court, the
first Monday of November, 1834. The sheriff returned, that
he had served the petition and citation of appeal on the
appellees, by handing the same to their attorney at law.

*Benjamin*, for the plaintiffs and appellees, took a rule on the
appellant, to show cause why the appeal should not be dis-
missed, for illegal service of the petition and citation of
appeal.

PETIT ET ALS.
vs.
DRANE.

2. He showed by his affidavit, that the appellees were · residents of the parish where the suit was instituted, and had a known domicil therein, which he would have pointed out to the officer, had application been made to him.

*Lockett, contra,* contended, that the plaintiffs had no known place of residence, at which they could be found, or domicil, at which to leave the citation. In such cases, and when it is not known that they reside out of the state, the party is without a remedy. The law makes no provision for it. The party should, therefore, have the right to make a new service, when the domicil or residence of the appellees is found.

2. It is now admitted, in this case, that the service of citation of appeal is not good. We ask the court for time to make it good, by a new citation and service. When the errors and omissions in making service are not the fault of the appellant, time will be given, if applied for, before or at the time of hearing the cause. *Code of Practice, article* 898.

*Bullard, J.,* delivered the opinion of the court.

The appellee urges the dismissal of the appeal, in this case, on the ground that there has been no due service of citation of appeal. The service was made on the attorney at law, although it is admitted that the appellees are residents of New-Orleans. Article 582 of the Code of Practice, requires the sheriff to serve the petition and citation on the appellee, if he reside within the state, or his advocate, if he do not, · either personally, or by leaving them at their place of usual domicil.

*The service of citation of appeal, on the attorney at law of the appellees, when it is admitted the latter are residents of the parish where suit is brought, is illegal and the appeal will be dismissed.*

It is, therefore, ordered, that the appeal be dismissed at · the costs of the appellant.